RENAUD v. MASON

(May 27, 1929. Opinion and Decree.)

E. V. Provensal, of New Orleans, attorney for plaintiff, appellee.

Weiss, Yarrut and Stich, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff sues defendant for $500, on a promissory note.

Defendant resists payment on the ground that the note was given to represent the purchase price of a used Frigidaire, or automatic icebox, and that the understanding at the time the note was given, was that certain defects, which defendant alleges, existed in the Frigidaire, were to be repaired and that it was to be put in first class condition.

Six months or so prior to the execution of the note, defendant had called at the place of business of plaintiff for the purpose of discussing automatic ice boxes, which he contemplated installing in certain apartment houses, for which his firm were architects, and, in the course of the discussion, it developed that there was a used Frigidaire in the possession of plaintiff, which the parties thought might suit the personal needs of defendant. This Frigidaire was delivered to defendant and was used by him for about six months, without serious complaint.

Defendant contends that there was no understanding that this machine was to be paid for and that there was particularly

no understanding as to any price but that it was being tried out by him. Plaintiff contends that it was agreed that the machine was to be purchased for the sum of $500 and that it was only when plaintiff failed to pay this sum and demand was made for payment, that defendant discovered the alleged defects in it. When defendant refused to pay, plaintiff brought suit for $500, as the purchase price.

The day before this first suit was to be tried in the district court, the parties reached an agreement under which the note, which forms the basis of the present suit, was issued. This note was secured by chattel mortgage bearing on the Frigidaire. The first suit was thereupon dismissed.

When the note herein sued on became due and was not paid, this suit was instituted. The questions for determination are whether or not the Frigidaire is defective and whether or not plaintiff promised to repair the defects. The evidence is, of course, conflicting, but the trial court determined the questions in favor of plaintiff. We find no apparent error in this decision, particularly in view of the fact that the note and chattel mortgage were given after the filing of the first suit in which these defenses were set up. It appears to us that if the defense to that suit and the defense here were well founded and if, in fact, there had been any serious defects in the Frigidaire, defendant should not have executed the note and chattel mortgage, without, at the same time, entering into some written agreement or stipulation, as to the repair of the alleged defects.

At any rate the evidence being conflicting and there being no manifest error in the decision of the lower court it should be affirmed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.